# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM E. MCCURDY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0392** (BOR Appeal No. 2048873)
(Claim No. 2012022089)

**WEST VIRGINIA PUBLIC SERVICE COMMISSION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William E. McCurdy, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Public Service Commission, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 27, 2014, in which the Board affirmed an October 11, 2013, Order of the Workers' Compensation Office of Judges.[1] In its Order, the Office of Judges affirmed the claims administrator's June 7, 2012, decision which granted Mr. McCurdy a 5% permanent partial disability award. Mr. McCurdy is appealing his permanent partial disability award and seeking additional permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McCurdy worked as an enforcement officer for West Virginia Public Service

---

[1] The Office of Judges' October 11, 2013, Order also affirmed two claims administrator's October 8, 2012, decisions denying the request for additional diagnoses and the request for additional medications. These issues are not being appealed. Mr. McCurdy is only appealing his permanent partial disability award.

Commission. On January 3, 2012, Mr. McCurdy was injured when he was driving in his cruiser and hit from behind by a large pickup truck. The claim was held compensable for cervical, thoracic, and lumbar sprains/strains as well as abdominal wall contusion. Mr. McCurdy filed an application requesting a permanent partial disability award. Jerry W. Scott, M.D., recommended a 5% permanent partial disability award. Yogesh Chand, M.D., opined that Mr. McCurdy has 26% permanent whole person impairment, and Christopher Martin, M.D., recommended 0% whole person impairment. The claims administrator granted a 5% permanent partial disability award based on Dr. Scott's May 22, 2012, report.

The Office of Judges affirmed the claims administrator's decision and found Mr. McCurdy failed to show he was entitled to a greater permanent partial disability award than the 5% awarded to him by the claims administrator on June 7, 2012. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. McCurdy disagrees and asserts that since he previously received a 6% permanent partial disability award for a separate low back injury and 5% has been awarded in this claim, he is entitled to an additional 15% permanent partial disability award for this injury based on the findings of Dr. Chand. West Virginia Public Service Commission maintains that the Board of Review was not clearly wrong and that Dr. Chand's impairment rating is inconsistent with the remaining evidence.

Mr. McCurdy underwent three independent medical evaluations. First, Dr. Scott recommended 5% impairment for the cervical spine, 0% impairment for the thoracic spine, 6% impairment for the lumbar spine, and 0% impairment for the abdominal wall. Dr. Scott also opined that since Mr. McCurdy previously received a 6% permanent partial disability award for the lumbar spine, he is not entitled to any additional award for the lumbar spine. Dr. Scott recommended a total of a 5% permanent partial disability award after deducting for prior awards. Then, Dr. Chand determined that Mr. McCurdy has 3% impairment for the abdomen, 8% impairment for the cervical spine, 5% impairment for the thoracic spine, and 13% impairment for the lumbar spine. Dr. Chand did not deduct Mr. McCurdy's prior award from his recommendation and opined that Mr. McCurdy has a total of 26% whole person impairment. Third, Dr. Martin found 0% impairment for the abdomen, the cervical spine, the thoracic spine, the lumbar spine and recommended a total of 0% whole person impairment for this injury. Based on the preponderance of the evidence, the Office of Judges concluded that Dr. Scott's recommendation was most persuasive for the cervical spine, thoracic spine, and lumbar spine. The Board of Review agreed with the Office of Judges. Dr. Scott properly applied the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) and deducted Mr. McCurdy's previously granted permanent partial disability award for the lumbar spine. This Court agrees with the conclusion of the Board of Review.

For the abdominal contusion impairment, the Office of Judges found that Dr. Chand's 3% impairment recommendation is not persuasive because he did not use the American Medical Association's *Guides* to support his finding. Dr. Chand opined that the American Medical Association's *Guides* allow the examiner discretion regarding any problem that is not addressed in the American Medical Association's *Guides*. Therefore, he used his discretion and found 3% impairment for the abdominal injury. However, Dr. Scott and Dr. Martin disagree with Dr. Chand and both found 0% impairment for the abdominal injury. Dr. Scott found Mr. McCurdy's

abdomen had some minor irregularity but no discrete palpable mass was noted. Dr. Scott noted there was no evidence of any impact on the internal organs or of any residual effects from the contusion. Therefore, Dr. Scott and Dr. Martin both agreed that Mr. McCurdy had no ratable impairment under the American Medical Association's *Guides* for the abdominal contusion. The Office of Judges found Dr. Chand's report is not persuasive because he did not make the required reference to the American Medical Association's *Guides* to support his finding. The Board of Review agreed with the Office of Judges. In addition, Dr. Scott's report was persuasive and relied on the American Medical Association's *Guides*. Dr. Scott also provided sufficient reasoning to support his finding of no ratable impairment under the American Medical Association's *Guides*. This Court agrees with the conclusion of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3